UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOB BROOKS,

          Plaintiff,

v.                          Case No. 3:05-cv-1219-J-12TEM

TIMOTHY P. RYAN, et al.,

          Defendants.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, an inmate of the Orange County Jail proceeding pro se, initiated this action by filing a civil rights complaint on November 23, 2005. His complaint relates to jail conditions. Generally, Plaintiff complains that he has received inhumane treatment and inadequate care resulting in cruel and unusual punishment or negligent care.

In the statement of facts, Plaintiff complains about the following: (1) the cost of phone service and that phone calls are recorded, including legal calls; (2) major plumbing problems causing leaks and air borne toxins; (3) cell overcrowding; (4) improper or no laundry service; (5) the lack of cleaning supplies;

(6) a staff infection epidemic causing the inmates to have to pay for sick call and medication; (7) inadequate nutrition from the food service meals; (8) improper cooking of the meals and improper temperature of the meals; (9) spoiled food; (10) failure to exterminate spiders, resulting in inmates being bitten; (11) slow responses to grievances; (12) roof leaks; and, (13) failure to supply religious meals.

On April 26, 1996, the President signed into law the Prison Litigation Reform Act which amended The Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997e to read as follows:

> (a) Applicability of Administrative Remedies. No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

See 42 U.S.C. § 1997e(a); Prison Litigation Reform Act of 1995, Title VIII, Section 803(d), Suits by Prisoners.

Here, the civil rights complaint form reflects Plaintiff has not exhausted his administrative remedies. The complaint form state that "[t]o demonstrate exhaustion, you must submit copies of all relevant grievances/appeals and responses." The only grievance Plaintiff has submitted is one grievance concerning Plaintiff's need for medication for constipation and the need for a low bunk

- 2 -

pass. See Exhibit, Request for Administrative Remedy, attached to the Complaint. In response to his grievance, it was noted that a bottom bunk pass was ordered on June 1, 2005, his medication was ordered and Plaintiff was allowed to keep the medication on his person. Id.

Plaintiff has not submitted the copies of any grievances concerning the matters he raised in his Complaint. Therefore, Plaintiff's case should not have been filed without first exhausting his available administrative remedies. For this reason, this case will be dismissed without prejudice.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.  This case is **DISMISSED** without prejudice.

2.  The Clerk of the Court shall enter judgment accordingly and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 7TH day of December, 2005.

Howell W. Melton
UNITED STATES DISTRICT JUDGE

sa 12/2
c:
Job Brooks